UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.A.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 25-cv-00143-PHK<br><br>**ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. 1 |

Plaintiff D.A. ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Acting Commissioner of the Social Security Administration, Defendant Carolyn W. Colvin ("Commissioner"), denying Plaintiff's applications for disability insurance benefits and supplemental security income. [Dkt. 1]. The Court separately has granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 8]. The Court now undertakes a determination of whether Plaintiff's Complaint must be dismissed pursuant to the requirements of § 1915(e)(2)(B).

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the first name and initial of last name (or just both initials) of the Plaintiff in the Court's public Orders out of an abundance of caution and out of regard for the Plaintiff's potential privacy concerns.

Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits.").

As an initial matter, the Court finds that the instant Complaint does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). First, the Complaint does not seek monetary relief in the form of damages from the Commissioner, but rather seeks a judgment and order reversing the Commissioner's decision on the benefits at issue. [Dkt. 1]. Second, the Commissioner is not immune from the relief requested. To the contrary, the Social Security Act expressly authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the plaintiff] was a party." 42 U.S.C. § 405(g).

As in most social security cases, the substantive bulk of the § 1915(e)(2)(B) screening determination focuses on whether the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint satisfies this requirement is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The context here is guided by the fact that this is a social security disability appeal brought by an indigent plaintiff. "Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is 'not exempt from the general rules of civil pleading.'" *Lynnmarie E. v. Saul*, No. 21-cv-00244-JLB, 2021 WL 2184828, at *2 (S.D. Cal. May 28, 2021) (quoting *Hoagland*, 2012 WL 2521753, at *2).

In reviewing a complaint for these purposes, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). A Rule 12(b)(6) motion to dismiss tests whether a claim satisfies the

1  minimum pleading standard for that claim.  *See Conservation Force v. Salazar*, 646 F.3d 1240,
2  1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) ("A motion
3  to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which
4  relief can be granted 'tests the legal sufficiency of a claim.'").

5      The requisite minimum pleading standard varies depending on the type of claim(s) at issue.
6  *Iqbal*, 556 U.S. at 679.  The currently applicable minimum pleading standard for social security
7  complaints is set forth in the Supplemental Rules for Social Security Actions Under 42 U.S.C.
8  § 405(g).  *See Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1197 (N.D. Cal. 2023).  Under
9  Supplemental Rule 2(b)(1), "[t]he complaint must: (A) state that the action is brought under
10 § 405(g); (B) identify the final decision to be reviewed, including any identifying designation
11 provided by the Commissioner with the final decision; (C) state the name and the county of
12 residence of the person for whom benefits are claimed; (D) name the person on whose wage
13 record benefits are claimed; and (E) state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc.
14 Sec. R. 2(b)(1).  Additionally, Supplemental Rule 2(b)(2) provides that the complaint "*may*
15 include a short and plain statement of the grounds for relief." Fed. R. Civ. P. Supp. Soc. Sec. R.
16 2(b)(2) (emphasis added).  Accordingly, for purposes of § 1915(e)(2)(B)(ii), the Court looks to
17 Supplemental Rule 2(b)(1)'s requirements to determine whether Plaintiff's Complaint sufficiently
18 states a claim for relief.  *Giselle N.*, 694 F. Supp. 3d at 1197.

19     As discussed above, Supplemental Rule 2(b)(1) first requires that a social security
20 complaint "state that the action is brought under § 405(g)." Fed. R. Civ. P. Supp. Soc. Sec. R.
21 2(b)(1)(A).  In the instant Complaint, Plaintiff states that they are seeking review of a decision
22 regarding disability benefits under Title II and Title XVI of the Social Security Act, and thus,
23 jurisdiction is proper under 42 U.S.C. § 405(g).  [Dkt. 1 at 1-2].  Accordingly, the Court finds that
24 Plaintiff's Complaint satisfies the first pleading requirement of Supplemental Rule 2(b)(1).

25     Supplemental Rule 2(b)(1) next requires that a social security complaint "identify the final
26 decision to be reviewed, including any identifying designation provided by the Commissioner with
27 the final decision." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(B).  Here, the Complaint indicates
28 that Plaintiff seeks review of an ALJ's written decision, dated January 31, 2024, denying

Plaintiff's applications for benefits, which became the final decision of the Commissioner for purposes of judicial review on December 2, 2024. *See* Dkt. 1 at 2-3. The Complaint includes Plaintiff's full name, as well as the date of Plaintiff's hearing before the ALJ, the date the unfavorable decision was issued, and the date the decision was affirmed by the Appeals Council. *Id.* at 2. Construed according to the proper legal standards, the Court finds that this information in the Complaint suffices to satisfy the second requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) next requires that a social security complaint "state the name and the county of residence of the person for whom benefits are claimed" and "name the person on whose wage record benefits are claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(C). As already noted, the Complaint here includes Plaintiff's full name. The Complaint states that Plaintiff resides in Alameda County, California. [Dkt. 1 at 1]. The Complaint indicates that Plaintiff is the individual on whose wage record benefits are claimed. *Id.* Accordingly, the Court finds that Plaintiff's Complaint satisfies the third and fourth requirements of Supplemental Rule 2(b)(1).

Finally, Supplemental Rule 2(b)(1) requires that a social security complaint "state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(E). Here, Plaintiff's Complaint identifies the type of benefits at issue as "Title II and Title XVI disability benefits." [Dkt. 1 at 2]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the final pleading requirement of Supplemental Rule 2(b)(1).

For the foregoing reasons, the Court finds that Plaintiff's Complaint satisfies all the requirements of Supplemental Rule 2(b)(1) and therefore satisfies the minimum pleading requirements to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

For similar reasons, the Court finds that Plaintiff's Complaint is not frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). That is, a "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d at 1121. As demonstrated above, the complaint has an arguable basis in law or fact.

Finally, the Court considers whether Plaintiff's Complaint is "malicious." 28 U.S.C. § 1915A(b)(1). A complaint is malicious "if it was filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). The Complaint here has no indicia that Plaintiff has an "intention or desire to harm" Defendant through this action, such as by being duplicative. *Cf. Morris v. Nev. Gaming Control Bd.*, No. 3:16-cv-00604-MMD-VPC, 2017 WL 2882704, at *2 (D. Nev. July 5, 2017*), report and recommendation adopted*, 2017 WL 4532152 (D. Nev. Oct. 10, 2017) ("The court notes that duplicative litigation by a plaintiff proceeding in forma pauperis may be dismissed as malicious under 28 U.S.C. § 1915(e)."). Rather, the Complaint indicates Plaintiff's desire to obtain reversal of a ruling denying them disability insurance benefits and supplemental security income. Based on the analysis of the averments of the complaint detailed above, the Court finds that Plaintiff's complaint is not malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, and in light of the above analysis, the Court concludes for purposes of mandatory IFP screening that Plaintiff's Complaint is not "frivolous or malicious," does not "fail[] to state a claim on which relief may be granted," and does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court's determination is without prejudice to further determinations on the merits as this matter proceeds, after the Commissioner appears and both Parties assert any further arguments, records, or other matters following the proper procedures and timing requirements for this case.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint in this case [Dkt. 1] **SHALL NOT** be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. In accordance with Supplemental Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Office for the Northern District of California in lieu of service of a summons.

*See* Fed. R. Civ. P. Supp. Soc. Sec. R. 3 ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4.").

3. In accordance with Supplemental Rule 4, the Commissioner shall file a certified copy of the administrative record or otherwise respond to Plaintiff's Complaint within sixty (60) days after notice of the action is given under Supplemental Rule 3.

4. The Parties are reminded to comply with the deadlines and filings required by the Scheduling Order [Dkt. 5], the Local Rules, and any other Orders of the Court. Failure to prosecute or defend this action may result in adverse consequences, up to and including terminating sanctions.

**IT IS SO ORDERED.**

Dated: February 4, 2025

_____
PETER H. KANG
United States Magistrate Judge